IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Leo McClam, | ) | C/A No.: 1:15-1276-TLW-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Brandon Martain; Sam Fraire, Nurse; | ) | |
| Officer N.F.N. Oakman; Captain N.F.N. | ) | |
| Foster; Dr. N.F.N. Cross; Judy Dupree; | ) | REPORT AND RECOMMENDATION |
| Ms. Malkeaklka N.L.N; Mr. Frederick | ) | |
| P., Nurse; Ms. Kia Wilson; Bridget L. | ) | |
| Taylor, CNA; Doris Gigger, CNA; Carl | ) | |
| James, CNA; and Ms. N.F.N. Porter, | ) | |
| Doctor, each defendant sued in their | ) | |
| own personal and individual capacities, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Leo McClam ("Plaintiff"), proceeding pro se and in forma pauperis, filed this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. Plaintiff sues Brandon Martain, Nurse Sam Fraire, Officer Oakman, Captain Foster, Dr. Cross, Judy Dupree, Ms. Malkeaklka, Nurse Frederick P., Kia Wilson, CNA Bridget L. Taylor, CNA Doris Gigger, CNA Carl James, and Doctor Porter ("Defendants").[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that

---

[1] It appears that Plaintiff has been civilly-committed to the custody of the South Carolina Department of Mental Health ("SCDMH"). The address he provided to the court is the same as the administrative office for the sexually violent predators treatment program of the SCDMH.

follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

## I.    Factual and Procedural Background

Plaintiff has previously filed two actions in this court alleging false detainment, false arrest, and forced administration of medication. *McClam v. Livingston*, C/A No. 3:15-362-TLW-SVH ("*McClam I*"); *McClam v. Farier*, C/A No. 1:15-1190-TLW ("*McClam II*").[2] As in his previous cases, Plaintiff alleges that Horry County charged him with failure to register as a sex offender, second offense. [ECF No. 1 at 3]. Plaintiff claims that he served one year and one day in the Horry County Detention Center. *Id.* Plaintiff alleges that the State of South Carolina then placed a hold on him and charged him with failure to register, second offense. *Id.* Plaintiff argues that this is double jeopardy. *Id.* Plaintiff claims that he is given monthly psychotropic medical injections against his will. *Id.* Plaintiff argues that "the law says it is illegal to force psychotropic medications on someone in or outside of a treatment facility." *Id.* Finally, Plaintiff states that before he was incarcerated for his first crime, he applied to be the governmental president of the continent of Antarctica and was granted the job. *Id.* Plaintiff argues "that's false arrest of a governmental official." *Id.* Plaintiff seeks declaratory and injunctive relief and monetary damages. *Id.* at 5.

---

[2] A district court may take judicial notice of materials in the court's own files from prior proceedings. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (noting that the most frequent use of judicial notice is in noticing the content of court records); *Fletcher v. Bryan*, 175 F.2d 716, 717 (4th Cir. 1949).

II.     Discussion

A.     Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

3

B.     Analysis

1.     Insufficient Factual Allegations

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79. Plaintiff's complaint does not contain any factual allegations of specific wrongdoing attributable to any of the Defendants. Accordingly, this case is subject to summary dismissal.

Additionally, to the extent Plaintiff alleges a violation of the double jeopardy clause, his claim fails because involuntary civil commitment does not violate the double jeopardy clause. *See In re Matthews*, 550 S.E.2d 311, 316–17 (S.C. 2001) (holding South Carolina's Sexually Violent Predator Act, which provides the process for involuntary civil commitments of sexually violent predators, does not violate the Double Jeopardy Clause of the Constitution because it does not constitute punishment). Therefore, Plaintiff has not been punished in violation of the double jeopardy clause.

4

2.    Duplicate Claim

Plaintiff's allegation that he is being forcibly medicated is being addressed by this court in *McClam I*. Accordingly, the instant forced-medication claim should be summarily dismissed in the interests of judicial economy and efficiency. *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) ("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time.").

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss this case without prejudice and without issuance and service of process. If the district judge accepts this recommendation, Plaintiff's motion to consolidate this case with his prior cases [ECF No. 7] will be moot.

IT IS SO RECOMMENDED.

April 15, 2015                          Shiva V. Hodges
Columbia, South Carolina                United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).